UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>    Plaintiff,<br><br>   v.<br><br>WILLIAM,<br><br>    Defendant. | No. 2:17-cv-1557 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Plaintiff has not paid the filing fee or requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Review of court records[1] reveals that plaintiff has been designated a "three-strikes litigant" under 28 U.S.C. § 1915(g). See e.g. Weaver v. Attorney General, Case No. 2:14-cv-01132 JAM DAD P, ECF Nos. 5 & 7. This designation reflects that three or more of plaintiff's prior federal lawsuits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1

1    As a result, plaintiff is precluded from proceeding in forma pauperis in this action unless

2    he demonstrates that he was "under imminent danger of serious physical injury" at the time he

3    filed his complaint.  See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th

4    Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th

5    Cir. 2003), and ongoing, Andrews, 493 F.3d at1056.  Allegations that are overly speculative or

6    fanciful may be rejected.  Id. at 1057 n.11.  Absent a showing that plaintiff was under imminent

7    danger of serious physical injury at the time he filed his complaint, he may proceed in this action

8    only if he first pays the full filing fee ($400.00).

9    Plaintiff is currently incarcerated at California State Prison Sacramento (CSP-SAC).  In

10   the instant complaint, signed and submitted by plaintiff on July 23, 2017, plaintiff alleges that

11   CSP-SAC Correctional Officer William "continues to harrass plaintiff useing the N-word [sic]."

12   ECF No. 1 at 3. Plaintiff contends that defendant William "show[s] deliberate indifference" and

13   that plaintiff "faces a substantial risk of serious harm and injury here which is imminent at the

14   time of fileing [sic]."  Id.   Plaintiff seeks $3 million compensatory damages and $2 million

15   punitive damages.  Id.

16   These allegations fail to demonstrate that plaintiff was under imminent danger of serious

17   physical injury when defendant William made the alleged statement.  Plaintiff is informed that

18   "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under

19   42 U.S.C. 1983."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and

20   internal quotation omitted).  Therefore, plaintiff must submit the full filing fee in order to proceed

21   with this action.

22   Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within fourteen (14) days

23   after service of this order, submit the full filing fee of $400.00.  No extensions of time will be

24   granted.  Plaintiff's failure to comply with this order will result in a recommendation that this

25   action be dismissed.

26   DATED: August 16, 2017

27   

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

28